## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

WILLIAM BERGER,

          Petitioner,

    v.

UNITED STATES OF AMERICA,

          Respondent.

1:16-cv-3650-NLH

**MEMORANDUM OPINION &
ORDER**

---

**APPEARANCES**:

MAGGIE F. MOY
OFFICE OF FEDERAL PUBLIC DEFENDER
800-840 COOPER STREET, SUITE 300
CAMDEN, NEW JERSEY 08102

    *On behalf of Petitioner*

JASON M. RICHARDSON
OFFICE OF THE UNITED STATES ATTORNEY
CAMDEN FEDERAL BUILDING
401 MARKET STREET
P.O. BOX 1427
CAMDEN, NEW JERSEY 08101

    *On behalf of Respondent*

**HILLMAN, District Judge**

    This case comes before the Court on Petitioner William Berger's Motion to Vacate, Set Aside, or Correct his criminal sentence pursuant to 28 U.S.C. § 2255. On June 8, 2009, Petitioner William Berger pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113, two counts of carjacking, in violation of 18 U.S.C. § 2119, and one count of

use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Crim. No. 09-423 (JBS), Docket Nos. 10, 13. On September 29, 2009, he was sentenced to a term of 264 months' imprisonment. Id., Docket No. 17.

In Johnson v. United States, 135 S. Ct. 2551, 2257 (2015), the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), which defines a "violent felony," was unconstitutionally void for vagueness. See 18 U.S.C. § 924(e)(2)(B). However, Johnson did not invalidate the "elements clause" of the ACCA.

On June 17, 2016, Mr. Berger filed the present Motion to Set Aside, arguing that, under Johnson, neither bank robbery nor carjacking are crimes of violence and therefore do not qualify as predicate offenses for § 924(c). [Docket No. 1.] He further argues that, after Johnson, he does not qualify as a career offender. [Id.]

On April 18, 2019, the late Honorable Jerome B. Simandle stayed this case pending the Supreme Court of the United States' disposition in United States v. Davis, No. 18-431. [Docket No. 6.] On June 24, 2019, the Supreme Court of the United States issued its opinion in United States v. Davis, which extended the reasoning of Johnson to the residual clause of 18 U.S.C. 924(c)(3)(B), which defines a "crime of violence." 139 S. Ct. 2319, 2324-25 (2019). But like Johnson, Davis did nothing to

2

undermine the elements clause of § 924(c)(3)(A), which defines a "crime of violence" as one that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

In light of the decision in <u>Davis</u>, this Court on January 7, 2020, directed the parties to file a letter brief to explain the effect of <u>Davis</u> on Mr. Berger's Petition. [Docket No. 8.] The Government responded on January 23, 2020, that the <u>Davis</u> decision rendered Mr. Berger's petition moot. [Docket No. 9.] Counsel for Mr. Berger responded on January 24, 2020, stating that "[t]he government's recitation of the law and facts is accurate and defense counsel is unaware of any case law to the contrary." [Docket No. 10.]

The Court agrees with the Government's argument. The Third Circuit has held that bank robbery in violation of 19 U.S.C. § 2113(a) is a crime of violence. <u>United States v. Wilson</u>, 880 F.3d 80, 82 (3d Cir. 2018). Several Courts of Appeals, though not the Third Circuit, have also held that carjacking in violation of 18 U.S.C. § 2119 is a crime of violence because it satisfies the "physical force" element as defined in § 924(c)(3)(A). <u>See</u> <u>Estell v. United States</u>, 924 F.3d 1291 (8th Cir. 2019); <u>United States v. Jackson</u>, 918 F.3d 467, 486 (6th Cir. 2019); <u>United States v. Jones</u>, 854 F.3d 737 (5th Cir. 2017); <u>United States v. Evans</u>, 848 F.3d 242 (4th Cir. 2017); <u>In</u>

re Smith, 829 F.3d 1276, 1280 (11th Cir. 2016).  This Court agrees with the analyses in those cases.  Therefore, both bank robbery and carjacking do qualify as crimes of violence, meaning that aspect of Mr. Berger's petition fails.

Mr. Berger's argument that he is not a career offender also fails, due to it being untimely.  Section 2255 permits a federal prisoner to attack the validity of their conviction or sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255 (2018).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation within which a § 2255 motion must be filed.  See id.  That limitation can run from four different dates, but the only one that could be relevant here comes from § 2255(f)(3).  That section grants a petitioner one year from the date on which the Supreme Court newly recognized a retroactively applicable right.  See id. § 2255(f)(3).

Mr. Berger filed his petition within one year from the date on which Johnson was decided.  However, the Supreme Court has since expressly declined to extend Johnson to the career offender provision of the advisory Sentencing Guidelines.

<u>Beckles v. United States</u>, 137 S. Ct. 886, 895, 897 (2017).

Therefore, although <u>Johnson</u> did create a "newly recognized"

right, that right is inapplicable to the case at hand.

Therefore, Mr. Berger's Motion is time-barred, as § 2255(f)(3)

does not apply.

THEREFORE, **IT IS** on this  **31st**  day of  **JANUARY**  2020,

ORDERED that Mr. Berger's Motion [Docket No. 1] be, and the

same hereby is, DENIED; and it is further

ORDERED that the Clerk mark this matter as CLOSED.


s/Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.